UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| STANLEY WEBER, III | * | CIVIL ACTION |
|---|---|---|
| VERSUS | * | NO. 22-3384 |
| QBE SPECIALTY INSURANCE COMPANY | * | SECTION "O" (2) |

## ORDER AND REASONS

Pending before me is Plaintiff Stanley Weber, III's Motion for Leave to File an Amended Complaint to add a demand for a jury trial. ECF No. 23. Defendant QBE Specialty Insurance Company timely filed an Opposition Memorandum. ECF No. 25.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 23) is GRANTED for the reasons stated herein.

### I.   BACKGROUND

Defendant QBE Specialty Insurance Company issued Plaintiff Stanley Weber Policy No. OUA10082950-00, effective from September 23, 2020 through September 23, 2021, which policy covered storm-related damages. ECF No. 25 at 2. Plaintiff filed this suit to recover contractual damages and bad faith penalties from QBE relating to Hurricane Ida. ECF No. 1 at 7-16. Plaintiff's petition, filed August 9, 2022, did not include a jury demand. *Id.*; *see also* ECF No. 23-1 at 1. After Defendant removed the case, it filed an answer on October 3, 2022. ECF Nos. 1, 7. Defendant's answer did not include a jury demand, nor did Plaintiff demand a jury within fourteen days of that answer.

In accordance with this Court's Hurricane Ida Case Management Order (ECF Nos. 5, 8, 10, 11, 13), the parties exchanged mandated discovery and proceeded with mediation before a

court-appointed neutral. The parties did not resolve the dispute during mediation, after which Chief Magistrate Judge Michael North certified that the case be returned to the docket. ECF No. 15. At the April 12, 2024, scheduling conference, the Court scheduled a trial with a jury for February 24, 2025, with a discovery deadline of December 11, 2024. ECF No. 20.

Almost two weeks after the scheduling conference, Plaintiff sought leave to file an amended complaint, which amendment includes only a new jury demand. ECF No. 25 at 3. Plaintiff argues that, although untimely, no strong and compelling reasons exist to deny the jury demand. ECF No. 23-1 at 4. Plaintiff contends that breach of contract and bad faith claims are often tried by juries, and no disruption would occur to the Court's schedule, nor would Defendant be prejudiced because this matter is currently set for a jury trial. *Id.* Plaintiff also argues that counsel's delay does not constitute a compelling reason to deny Plaintiff a jury trial. *Id.*

In Opposition, Defendant argues that Plaintiff's jury demand is untimely because he failed to assert it for nearly two years, and therefore, has waived his right to a jury trial. ECF No. 25 at 3, 5. Defendant further argues that the issues are best tried before a judge, Plaintiff has failed to provide sufficient reason for his untimely request, and allowing a jury trial would delay resolution and significantly prejudice it. *Id.* at 3-11.

II. **APPLICABLE LAW**

A. **Amendment of Pleadings**

Plaintiff seeks to amend his Complaint to add a jury demand. ECF No. 25. He sought leave to amend before expiration of the Scheduling Order's May 10, 2024, deadline. ECF No. 20 at 1. Thus, the request for leave to amend is governed by FED. R. CIV. P. 15(a) rather than the more stringent good cause requirements of FED. R. CIV. P. 16(b). *See S & W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535-36 (5th Cir. 2003) (Federal Rule of Civil

Procedure 16(b) governs the amendment of pleadings after a scheduling order deadline has expired and allows modification "only for good cause and with the judge's consent;" the more liberal standard of Rule 15(a) applies to the court's decision to grant or deny leave only after the movant demonstrates good cause to modify the scheduling order) (citing FED. R. CIV. P. 16(b)).

Under Rule 15(a)(2), the "court should freely give leave [to amend] when justice so requires."[1] The five relevant considerations for examination by the court in determining whether to grant leave to amend a complaint are: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment.[2] Given Rule 15(a)'s "bias in favor of granting leave to amend,'" absent a "substantial reason," the court's discretion "is not broad enough to permit denial."[3]

### B. **Plaintiff's Jury Demand**

A party may demand a jury trial on any issue triable as of right no later than 14 days after the last pleading directed to the issue is served. FED. R. CIV. P. 38(b)(1).[4] An amendment to a complaint must raise a new issue of fact or law to create a new right to demand a jury trial.[5] A

---

[1] FED. R. CIV. P. 15(a)(2). Denial of leave to amend is reviewed for abuse of discretion. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1173–74 (5th Cir. 2006). The term "discretion" in this context "may be misleading, because [Rule] 15(a) evinces a bias in favor of granting leave to amend." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000)). A district court properly exercises its discretion under Rule 15(a)(2) when it denies leave to amend for a substantial reason, such as undue delay, repeated failures to cure deficiencies, undue prejudice, or futility. *U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014) (citation omitted).
[2] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (*citing Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962))).
[3] *Id*. at 595 (citation omitted); *Mayeaux*, 376 F.3d at 425 (footnote omitted) (citing *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. Co*., 195 F.3d 765, 770 (5th Cir. 1999); *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000)).
[4] Of course, had Plaintiff properly demanded a jury under the Louisiana Code of Civil Procedure before removal, he would not have had to renew that request in federal court. FED. R. CIV. P. 81(c)(1); LA. CODE CIV. PROC. ANN. art. 1733(C) (providing that a party must demand a jury trial within "ten days after either the service of the last pleading directed to any issue triable by a jury, or the granting of a motion to withdraw a demand for a trial by jury.").
[5] *Daniel Intern. Corp. v. Fischbach & Moore, Inc*, 916 F.2d 1061, 1064 (5th Cir. 1990).

party's failure to timely request a jury trial constitutes a waiver of that party's right to a jury trial. FED. R. CIV. P. 38(d).

When a jury demand is untimely or improperly made, on motion, the court may "order a jury trial on any issue for which a jury might have been demanded." FED. R. CIV. P. 39(b). Rule 39 thus gives the court discretion to relieve a party from waiver of a jury trial under Rule 38.[6] The Fifth Circuit considers five factors in exercising discretion to grant a jury trial under Rule 39(b): "(1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial."[7]

Courts have granted untimely jury demands even when the movant fails to explain the failure to make a timely request, so long as the other factors tip in favor of allowing the amendment.[8] The Court must "approach each application under Rule 39(b) with an open mind and an eye to the factual situation in that particular case, rather than with a fixed policy against granting the application or even a preconceived notion that applications of this kind are usually denied."[9] Moreover, the court should grant a Rule 39(b) request for jury trial in the absence of strong and compelling reasons to the contrary.[10] Although the Court has broad discretion under Rule 39(b) to relieve a party from waiver of jury trial,[11] "mere inadvertence on the part of the moving party" is insufficient grounds to justify relief.[12] When inadvertence is the excuse, the fact

---

[6] *Swofford v. B & W, Inc.*, 336 F.2d 406, 408 (5th Cir. 1964), *cert. denied*, 379 U.S. 962 (1965).
[7] *Daniel*, 916 F.2d at 1064 (internal quotations omitted).
[8] *Esteen v. LeBlanc*, No. 13-5419, 2014 WL 5461395 (E.D. La. Oct. 27, 2014).
[9] *Pinemont Bank v. Belk*, 722 F.2d 232, 257 (5th Cir. 1984).
[10] *Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1154 (5th Cir. 1981) (citing *Swofford v. B & W, Inc.*, 336 F.2d 406, 409 (5th Cir. 1964)).
[11] *Daniel*, 916 F.2d at 1064.
[12] *Rhodes*, 654 at 1154; *Delgado v. City of El Campo*, 68 F.3d 471 (5th Cir. 1995) (citing *Fredieu v. Rowan Cos., Inc.*, 738 F.2d 651, 654 (5th Cir. 1984) (internal quotation and citation omitted); *Farias v. Bexar County Bd. of Trustees*

that the pretrial conference was conducted under the mistaken assumption that plaintiff had timely demanded a jury does not strengthen that excuse.[13]

### III. ANALYSIS

Plaintiff did not demand a jury in accordance with state procedural rules before removal, nor did he timely demand a jury after removal to federal court. Indeed, Plaintiff does not dispute that his jury demand is untimely. Given that the only amended allegation is a jury demand, the motion does not re-open the period within which to demand a jury. Plaintiff's failure to timely demand a jury trial constitutes a waiver under Rule 38(d). As the Court finds that Plaintiff's jury demand was not timely and thus waived under Rule 38, it now turns to the issue of whether the Court should permit the untimely jury demand under Rule 39(b).

The issues in this case involve insurance coverage for hurricane damage to property, which entails contract interpretation and consideration of expert reports from engineers and other construction experts. Our court has regularly recognized that insurance coverage disputes and bad faith claims are routinely tried by juries.[14] The Fifth Circuit has likewise recognized that contract

---

*For Mental Health Mental Retardation Servs.*, 925 F.2d 866, 873 (5th Cir. 1991) (despite general principle that a court should grant a jury trial in the absence of strong and compelling reasons to the contrary, "we adhere to a long line of precedent in finding no abuse of discretion ... when the failure to make a timely jury demand results from mere inadvertence on the part of the moving party") (internal quotation and citation omitted), *cert. denied*, 502 U.S. 866 (1991)); *see also BPRE, LP v. RML Waxahachie Dodge, LLC (In re BPRE, LP)*, 599 F. App'x 182, 183 (5th Cir. 2015) (recognizing that "it is not an abuse of discretion to deny an untimely motion for a jury trial when the failure to make a timely jury demand results from mere inadvertence on the part of the moving party") (quotation omitted); *Randle v. Hubert*, 47 F.3d 425 (5th Cir. 1995) (same); *Certain Underwriters at Lloyds London v. Corporate Pines Realty Corp.*, 355 Fed. Appx. 778, 781 (5th Cir. 2009) ("Inadvertence alone does not relieve a party from waiver of the right to jury trial.")); *Bush v. Allstate Ins. Co.*, 425 F.2d 393, 396 (5th Cir. 1970) (citing *Noonan v. Cunard Steamship Co.*, 375 F.2d 69 (2d Cir. 1967); 5 MOORE, FEDERAL PRACTICE ¶39.09, at 719 (2d ed. 1969)).
[13] *Bush v. Allstate Ins. Co.*, 425 F.2d 393, 396 (5th Cir. 1970).
[14] *Imperial Trading Co. v. Travelers Prop. Cas. Co. of Am.*, No. 06-4262, 2009 WL 1212469, at *2 (E.D. La. Apr. 30, 2009) (citing *Manino v. Lexington Ins. Co.*, No. 06–6627, 2007 WL 1672228, at * 1 (E.D. La. June 7, 2007) (holding that "jury was well-suited to resolve" insurance dispute and bad faith claim arising out of Hurricane Katrina); *Korbel v. Lexington Ins. Co.*, No. 06–7283, 2007 WL 2406996, at *3 (E.D. La. Aug. 21, 2007) (same)).

disputes are well within the comprehension of a jury.[15] Thus, the first factor weighs in favor of granting the jury request.

The second factor looks to whether granting the motion would disrupt the court's schedule or that of an adverse party. There would be no disruption of the Court's schedule given that the April 12, 2024 Scheduling Order already denotes this matter as a jury trial. Likewise, holding a jury versus non-jury trial has no impact on the schedule of any other party. Proceeding with a jury thus has no undue impact on the court's administration of its business, and indeed, would require no change on the court's part. This factor weighs in favor of granting the request.

The third factor looks to the degree of prejudice to the adverse party. Defendant contends that it would suffer prejudice, including possible rescheduled depositions and time-consuming jury instruction preparation if the motion were to be granted.[16] Conclusory assertions of discovery and trial strategy development, however, are not sufficient bases to support a showing of prejudice.[17] Further, trial preparation of a hurricane damages case does not vary markedly between a jury or bench trial.[18] And although Defendant removed this case to federal court on September 21, 2022, the Court's Hurricane Ida Case Management Order stayed all discovery except the court-mandated discovery incident to the Streamlined Settlement Program, which discovery did not change depending on whether the case contained a jury demand or not.[19]

---

[15] *Daniel*, 916 F.2d at 1064 (citing *Pinemont Bank v. Belk*, 722 F.2d 232, 237 (5th Cir. 1984)).
[16] *Id.* at *1.
[17] *Parakkavetty v. Indus International, Inc.*, No. 02-1461, 2003 WL 22939104, at *2 (N.D. Tex. Dec. 2, 2003).
[18] *London Town Com. Condo. Ass'n v. State Farm Fire & Cas. Co.*, No. 07-8135, 2008 WL 11385380, at *1 (E.D. La. Dec. 5, 2008) (reasoning that Defendant insurer possessed jury trial experience with hurricane claims, and jury trial preparation "is not markedly different from that for a bench trial" on those issues as necessary to establish prejudice).
[19] ECF No. 5 at 9.

While prejudice to trial preparation and strategy may be found when a case is converted to jury trial shortly before trial after having been scheduled as bench trial for many months,[20] there is no legal prejudice to a defendant when a case is in its early stages.[21] This case only returned to the court's docket on March 11, 2024, with the scheduling conference not until April 12, 2024. Plaintiff filed its Motion to Amend less than two weeks after the scheduling conference, on April 23, 2024. The Court finds no prejudice to defense case development or trial strategy given the limited time at issue, particularly in this early discovery stage with a trial date nine months away.

The fourth factor looks to the length of Plaintiff's delay in making his jury demand. Plaintiff waited over seventeen months after filing to invoke Rule 39(b), which weighs in favor of denial of the motion.[22] This case, however, presents somewhat unique facts given the operation of the Court's Hurricane Ida CMO, which essentially stayed the case during most of that period. The case was not returned to the court's docket until March 11, 2024. Thus, while the length of the delay weighs in defendant's favor, even this significant delay does not justify denial of the motion in this case.

The last factor is the reason for the movant's tardiness in requesting a jury trial. Here, Plaintiff concedes that he omitted his request for a jury trial in his complaint by inadvertence,

---

[20] *Weidner v. Nationwide Prop. & Cas. Ins. Co.*, No. 13-263, 2014 WL 8480457, at *1 (E.D. Tex. Aug. 28, 2014), *objections overruled sub nom. Weidner v. Nationwide Prop. & Casualty Ins. Co.*, No. 13-263, 2014 WL 8494866 (E.D. Tex. Sept. 17, 2014).
[21] *See, e.g., Kelley v. Old Mut. Fin. Network Sec., Inc.*, No. 10-1261, 2010 WL 11619015, at *1 (N.D. Tex. Sept. 15, 2010); *see also Herkner v. Argo-Tech Corp. Costa Mesa*, No. 06-2491, 2007 WL 2274406, at *2 (S.D. Tex. Aug. 8, 2007) (looking to early status of discovery in assessing prejudice); *Camacho v. Mississippi*, No. 06-54, 2006 WL 3246439, at *2 (N.D. Miss. Nov. 8, 2006) (noting the absence of prejudice when party did not wait until the eve of trial or end of discovery to seek a jury); *Ponza Yacht Corp. v. Ins. Co. of N. Am.*, No. 05-1173, 2006 WL 1851706, at *2 (W.D. Tex. May 18, 2006) (finding no prejudice when trial and discovery deadline were 8 months away); *Sartin v. Cliff's Drilling Co.,* No..03-1825, 2004 WL 551209, at *1 (E.D. La. Mar. 18, 2004) (finding no prejudice court had scheduled trial as jury trial and it was 4 our months away).
[22] *See, e.g., Delgado v. City of El Campo*, 1995 WL 581848, at *2 (5th Cir. 1994) (affirming Rule 39(b) motion denial due to plaintiff's 4-month delay in asserting jury demand). *But see Herkner v. Argo-Tech Corp. Costa Mesa*, No. 06-2491, 2007 WL 2274406, at *2 (S.D. Tex. Aug. 8, 2007) (allowing late jury demand raised 319 days after deadline); *Hardin v. Hartford Life & Annuity Ins. Co.*, No. 05-57, 2006 WL 8448267 (N.D. Miss. July 11, 2006) (allowing untimely jury demand despite thirteen month delay).

offering no legitimate reason for the tardiness. Although delay in making a jury demand, by itself, does not give the district court sufficient reason to rule against a jury trial request, the delay not accompanied by an explanation given for it "weighs strongly against the motion."[23] This factor weighs in favor of denial of the motion.

Guided by the Fifth Circuit's five factors, the Court finds no strong and compelling reason to deny a jury trial in this matter. Plaintiff's fundamental right to a jury trial, in conjunction with the lack of discernable prejudice to the defendants or disruption of the Court's schedule, outweighs plaintiff's failure to make a timely jury demand as a result of counsel's inadvertence. Nor can the Court find substantial reason to deny the requested amendment.

## IV.   CONCLUSION

Accordingly, for the foregoing reasons, and in the exercise of discretion under Rule 39(b),

IT IS ORDERED that Defendant's Motion for Leave of Court to File an Amended Complaint is GRANTED.

New Orleans, Louisiana, this __15th__ day of May, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[23] *See, e.g., Walker v. Kmart Corp.*, No. 91-2844, 1992 WL 202176 at *1 (E.D. La. Aug, 7, 1992).